## DANIEL HARDY *vs.* ISAAC HOUSTON.

Where the selectmen of a town laid out a highway, and drew up and signed an account of their doings and lodged it with the town clerk—it was held that such account found on the files of the town, but not otherwise recorded, was sufficient evidence of the laying out of the highway.

THIS was an action of trespass *quare clausum fregit*, in which the pleadings ended in an issue whether the *locus in quo* was a public highway.

The cause was tried here at May term, 1820. The *locus in quo* was in Hanover, in this county, and in order to prove it to be a public highway, the defendant produced a paper, found among the papers belonging to the town in the town clerk's office, and signed by the selectmen, containing a laying out of a highway in that town in 1795. To the admission of this paper in evidence, the plaintiff's counsel objected, and contended that it ought to have been recorded, and a copy of the record produced; but it was admitted by the court, and the jury having returned a verdict in favor of the defendant, the plaintiff's counsel moved for a new trial, on the ground that the said paper was improperly admitted in evidence to the jury.

*J. Smith*, for the plaintiff, contended that it was essential to the validity of a laying out of a highway by selectmen, that their doings should be recorded; that although the statute did not in express terms make recording necessary, yet it did so by strong implication, for it declares that "no road "shall be returned *and recorded* for the benefit of individuals "only, unless the damage done to the owners of the land, &c. "be ascertained and paid."(1)

(1) 1 N. H. Laws 385.

If then it be essential to the validity of the doings of the selectmen that they be recorded, a copy of the record was

the only admissible evidence to prove the laying out of the highway.

*By the Court.* We entertain no doubt that the paper offered by the defendant was competent testimony to go to the jury. The statute does not expressly require that the doings of the selectmen in laying out a road should be recorded.

It is, however, strongly implied in the language of the statute, and we have no doubt that it must be recorded. But we are of opinion that when the doings of the selectmen are returned to the town clerk and put on file, they are well enough recorded within the meaning of the statute. There must be

*Judgment on the verdict.*